**In re Dorothy WASHINGTON, Debtor.**

**Bankruptcy No. 3–81–00836.**

United States Bankruptcy Court,
W.D. Kentucky.

June 7, 1984.

Michael W. Troutman, Morgan & Pottinger, Louisville, Ky., for creditor General Motors Acceptance Corporation.

J. Baxter Schilling, Schilling & Schilling, Louisville, Ky., trustee.

Thomas W. Frentz, Schilling & Schilling, Louisville, Ky., for trustee J. Baxter Schilling.

### MEMORANDUM OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on the trustee's motion to disallow the secured claim of General Motors Acceptance Corporation to a 1979 Oldsmobile owned by the debtor on the petition date, to compel an accounting of any proceeds received by GMAC from the sale of said vehicle and a turnover of such funds to the trustee.

The relevant facts may be summarized as follows. GMAC and the debtor entered into a security agreement and financing statement covering the vehicle in question on March 30, 1979, and GMAC perfected said security interest on April 17, 1979. No question concerning the valid perfection

of GMAC's secured interest under the controlling law of the Uniform Commercial Code as adopted by the Commonwealth of Kentucky (KRS 355.9–301, *et seq.*) has been raised by the trustee.

It is unclear, and the trustee does not state, under what authority the motion here presented is to be considered. The debtor's petition was filed March 30, 1981. The movant was appointed interim trustee effective March 30, 1981, trustee on April 21, 1981 at the § 341 meeting, and continues to so serve. The motion now under consideration was filed December 2, 1983.

The Court takes notice, however, that this motion was not commenced within two (2) years of the trustee's appointment. Accordingly and pursuant to 11 U.S.C. § 546(a), no action or proceeding under sections 544, 545, 547, 548 or 553 is appropriate.

The trustee, in support of his motion, insists on entitlement to the relief requested contending GMAC's secured interest was not properly perfected in accordance with KRS 186.045(2)(a) and (3). In further support, the trustee cites the decision of the Sixth Circuit Court of Appeals in *In re Underwood*, No. 80–3591, *unreported* (6th Cir., 12–22–81). For the reasons hereinafter set forth, the trustee's motion for the relief requested is overruled.

By way of clarification, the trustee seeks to attack GMAC's secured status under Kentucky's Vehicle Registration Statute and not under Kentucky's version of the Uniform Commercial Code. It is unquestioned that GMAC's recording of its secured interest was not in compliance with the requirements of KRS 186.045(2) at the time the current registration receipt and financing statement were filed with the county clerk on April 17, 1979. KRS 186.-045(3), in effect on April 17, 1979, provided:

"For failure to present both the current receipt and financing statement within the time prescribed by subsection (2)(a), the secured party shall not be allowed thereafter to file the financing statement in order to perfect the security interest thereon."

It was this fatal error that was relied upon by the Sixth Circuit in *Underwood, supra,* which there nullified the creditor's secured interest.

However, the Kentucky legislature, effective July 15, 1980, amended KRS 186.-045(3) to read as follows:

(3) For failure to present both the current receipt and financing statement within the time prescribed by subsection (2)(a), the secured party shall pay a penalty of two dollars ($2) to the county clerk as a prerequisite for noting the security interest on the current receipt.

Thus, the sole sanction for late filing under KRS 186.045(3) on and after July 15, 1980 is a small monetary penalty payable by the creditor to the county clerk. This statute was likewise controlling on the date of the petition in bankruptcy, March 30, 1981. It is apparent, therefore, that subsequent to July 15, 1980 the rationale reluctantly followed by Judge Ballantine and affirmed by the Sixth Circuit in *Underwood* was no longer available to defeat a creditor's security interest due solely to a late filing under the registration statute.

While the parties' briefs dwell extensively with the nature of the lien here under attack, it is clear the trustee is asserting rights of those creditors denoted in § 544(a)(1)(2)(3) and (b). As such, it is the trustee's "filing" which comes too late. See 11 U.S.C. § 546.

It is further noted for future compliance that the issues here presented by motion should have been instituted as an adversary proceeding in accordance with Rules of Bankruptcy Procedure 7001(1) and (2). In addition, such adversary proceeding should reflect the appropriate section of the Code under which the petitioner is authorized to commence the proceeding as well as those statutes or facts justifying the relief being sought.

This memorandum opinion constitutes findings of fact and conclusions of law pursuant to Rule 7052, Rules of Bankrupt-

cy Procedure, and an appropriate order has been entered this 7th day of June, 1984.